JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar No. 7709

PATRICK ROSE
Assistant United States Attorney
Nevada Bar No. 5109
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Patrick.Rose@usdoj.gov
*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES LEONARD WATERS, JR.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Case No. 2:21-cv-01719-CDS-EJY<br><br>**Stipulation and Order**<br><br>**(Fourth Request)** |

Pursuant to LR IA 6-1 and LR 26-3, the parties request an approximately 60-day extension of certain discovery deadlines as, and for the reasons, set forth below. This stipulation, which is filed more than 21 days before the earliest deadline to be extended (for initial expert disclosures), is supported by grounds and circumstances below. This is the fourth request for an extension of the discovery schedule, although the original schedule provided some additional time; discovery commenced from the filing of the discovery plan rather than Defendant's first appearance.

## DISCOVERY COMPLETED

The parties have completed the following disclosures and discovery:

1. The parties served their initial disclosures in March and April 2022.

2. Defendant served a first set of Requests for Production and Interrogatories on Plaintiff on March 30, 2022.

3. Plaintiff served responses to such first set of discovery requests on April 22, 2022.

4. Plaintiff served a first set of Requests for Production, Requests for Admissions, and Interrogatories on Defendant on July 12, 2022.

5. Defendant served responses to such first set of discovery requests on September 14, 2022.

6. Plaintiff took the depositions of six of Defendant's employees (doctors and nurses) during the week of September 19, 2022.

7. Defendant requested and Plaintiff provided additional HIPAAs. Defendant continues the process of collecting medical records pursuant to HIPAAs.

8. Defendant served a second set of discovery requests on Plaintiff on October 20, 2022.

9. Defendant also sent Plaintiff a letter regarding certain categories of damages identified in Plaintiff's initial disclosures.

10. Plaintiff served responses to the second set of discovery requests on November 21, 2022.

11. Plaintiff also served supplemental disclosures including as to damages on November 28, 2022.

12. Plaintiff provided authorizations to obtain records from certain present and past employers.

13. The parties have periodically supplemented their initial disclosures.

**DISCOVERY REMAINING**

Defendant will take the deposition of Plaintiff and potentially some family members identified by Plaintiff.

Initial and rebuttal expert disclosures remain.

Additional medical providers may be identified, and that may lead to additional HIPAAs for which Plaintiff and Defendant will confer.

The parties reserve the right to engage in any other discovery as permitted by

applicable rule and within the discovery window including without limitation the depositions of expert witnesses.

## WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED

Without waiver or admission by the parties, this is a medical malpractice case, and Plaintiff appears to have a complex, lengthy medical history. Plaintiff's alleged damages include past and future medical expenses and loss of income. Defendant continues the process of collecting medical records pursuant to HIPAAs, as well as employment records pursuant to authorizations. At times, some medical providers insist on an alternative HIPAA form than the one originally provided by Plaintiff. This results in additional time needed for Defendant to inform Plaintiff, obtain an alternative HIPAA, and re-submit a request for records to such providers. Indeed, Defendant expects to request some additional and/or alternative HIPAA forms from Plaintiff in the near future. It would be best to complete collection and production of such medical and employment records before expert disclosures.

The relatively small Civil Division of the U.S. Attorney's Office remains very busy, having three AUSA vacancies (two of which were created in December 2022) and one paralegal vacancy (created by the December 2022 departure of the paralegal that had been assigned to the instant case).

## EXTENSION OF THE DISCOVERY PLAN AND SCHEDULING ORDER

The following table sets forth the current deadlines and the proposed extended deadlines that are the subject of this stipulated request:

| SCHEDULED EVENT | CURRENT DEADLINE | ~~PROPOSED~~ DEADLINE |
|---|---|---|
| Initial Expert Disclosures | February 28, 2023 | May 1, 2023 |
| Rebuttal Expert Disclosure | March 30, 2023 | May 31, 2023 |
| Discovery Cut Off | May 1, 2023 | June 30, 2023 |
| Dispositive Motions | May 29, 2023 | July 31, 2023 |

| Joint Pretrial Order | June 28, 2023 | August 30, 2023[1] |

    This request is submitted because of ongoing discovery needs and current workloads, not for purposes of undue delay.

    There remain pending before the Court the parties' respective briefs concerning the Motion to Dismiss, or in the alternative, to Strike Portions of Complaint (ECF Nos. 11, 14, 19).

    Respectfully submitted this 3rd day of February 2023.

| | |
|---|---|
| LAIRD LAW PLLC | JASON M. FRIERSON<br>United States Attorney |
| /s/Danial Laird<br>DANIAL LAIRD, ESQ.<br>Nevada Bar No. 11831<br>The Riley Building<br>4175 S. Riley Street, Suite 102<br>Las Vegas, NV  89147<br>*Attorney for Plaintiff* | /s/ Patrick A. Rose<br>PATRICK ROSE<br>Assistant United States Attorney<br>*Attorneys for the United States* |

**IT IS SO ORDERED:**

_____
**UNITED STATES MAGISTRATE JUDGE**

**DATED:** February 3, 2023

---

[1] However, if dispositive motions are filed, the proposed joint pretrial order will be due thirty days after the rulings on such dispositive motions.

4